## Wallace *v.* Camp, Appellant.

*Bankruptcy—Attachment—Trespass against constable.*

' An action of trespass will lie by a trustee in bankruptcy against a constable and attaching creditors of a bankrupt at whose instance property of the bankrupt was sold under attachment proceedings after the debtor had been declared a bankrupt, and a recovery may be had against such defendants where there is evidence that they had reasonable cause for an inquiry as to the bankruptcy proceedings.

Argued April 29, 1901. Appeal, No. 291, Jan. T., 1900, by defendants, from judgment of Superior Court, April T., 1900, No. 208, reversing judgment of C. P. Crawford Co., Sept. T., 1899, No. 184, on verdict for defendants in case of William Wallace, Trustee of Thomas H. Rose, a Bankrupt, v. S. R. Camp et al. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Appeal from Superior Court. See 14 Pa. Superior Ct. 79.

From the record it appeard that execution was issued on attachment proceedings prior to a decree in bankruptcy, but the constable's sale was made after the decree was entered. The

goods in question were purchased by one of the several attaching creditors, all of whom gave a bond of indemnity to the constable.    The purchaser at the constable's sale had heard of the bankruptcy proceedings prior to sale of the goods in question by the constable.

BEAVER, J., filed the following opinion :

Clause *f* of section 67 of the national bankruptcy act of 1898 is as follows :  " That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy must or shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.    And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect ; provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."    In the 1st section of said act, relating to the meaning of words and phrases, it is provided :  (1) " A person against whom a petition has been filed shall include a person who has filed a voluntary petition." In In re Richards, 37 C. C. A. 634, it is held, the subject being very fully discussed, that the two subdivisions *c* and *f* of section 67 of the bankruptcy act, relating to the effect of an allegation of bankruptcy upon existing liens upon the property of the bankrupt acquired through legal proceedings, are antagonistic and irreconcilable, and therefore in any case of conflict between them and the former must give way and the latter prevail.    We conclude, therefore, first, that there is no difference between cases of voluntary and involuntary bankruptcy under clause *f* of section 67, and second, that if there be any irrecon-

cilable difference between clauses *c* and *f* so far as the present case is concerned, the provisions of clause *f* must prevail.

It will be observed that by the terms of this clause the attachments, under which the sale of the cheese in this case was made, were null and void at the time of the sale and that the proviso affects only a bona fide purchaser for value, at a sale, who shall have acquired the same without notice or reasonable cause for inquiry. It does not protect the parties who made the sale. We have, therefore, the defendants making a sale of property belonging to the plaintiff upon attachments which were at the time of the sale absolutely null and void, the adjudication in bankruptcy having been had. The court below practically so held, but left it to the jury to say whether or not the defendants had notice or knowledge or reasonable ground for inquiry as to the bankruptcy of Rose, for whose estate the plaintiff is trustee. If the attachments at the time of the sale were actually null and void and the property attached was actually the property of the plaintiff, it may be doubted whether the defendants who were the plaintiffs in those attachments were in any way protected by the terms of the proviso to clause *f* above referred to. Be that as it may, however, it seems to us that in the present case there was nothing to be left to the jury, for the defendants themselves testify that there were rumors or allegations of the bankruptcy of Rose, as whose property the cheese was being sold. Camp, the constable, said in answer to the question, " Had you heard that Mr. Rose, the defendant, as whose property that was sold, had been declared a bankrupt, before the sale ? " Answered, " There was a rumor that he was a bankrupt." Flaw, the purchaser at the sale, testified as follows : " Q. You may state whether before the first sale you had heard anything about the bankruptcy of Mr. Rose. A. I did not. Q. State whether you did before the second sale hear anything said about it by anybody. A. I believe I heard something to that effect. Q. Where you present at the second sale? A. Yes, sir." Similar testimony was given by Johnson, Snodgrass and Bates, all of them defendants. As to those who thus testified it was therefore an error to submit the question of notice or reasonable ground for inquiry to the jury. Their own testimony settled the question, and as to it there was no dispute. We are, therefore, of opinion that the first, second,

third, fourth, fifth and sixth specifications of error should be sustained.

The remaining specifications of error relate to the refusal of the court to give binding instructions for the plaintiff. Such instructions, it seems to us, should have been given. The provisions of clause *f*, section 67, of the bankruptcy act are clear and unequivocal; the attachments at the time of the sale were actually null and void; the property belonged to the creditors of the bankrupt, although the title was not then actually vested in the trustee, the sale was therefore illegal. The purchaser admits such knowledge as put him upon inquiry. In other words, "he had reasonable cause for inquiry." He was, therefore, not protected by the proviso to this clause. We see no objection to the form of the action; trespass was undoubtedly the proper remedy. Judgment reversed and a new venire awarded.

*Error assigned* was the judgment of the Superior Court.

*Homer J. Humes*, with him *E. Lowry Humes*, for appellants.

*George W. Haskins* and *John O. McClintock*, for appellee, were not heard.

PER CURIAM, July 17, 1901:

We affirm the judgment in this case on the concise and satisfactory opinion of Judge BEAVER.